**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVAUGHN OYOUKO RUSSELL,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | ) | Civil No. 26-2060 |

## OPINION

Pending before the court is a petition for habeas corpus filed pro se by petitioner Kevaughn Oyouko Russell ("Russell") (ECF No. 3). The petition is substantially identical to the petition Russell filed at Civil No. 26-1773. The government filed a response in opposition to the petition (ECF No. 12), and it is ripe for decision.

Background

The court incorporates the recitation of background facts set forth in its opinion dated October 7, 2026 at Civil No. 26-1773 (ECF No. 8). Russell, a citizen of Jamaica, asserts that he has been detained for over 4 months, since May 20, 2026, while his removal proceedings are pending.[1] He contends that the immigration court has not held a bond hearing to determine whether continued detention is justified and argues that his ongoing detention may become unduly prolonged. Russell seeks either immediate release or a bond hearing at which

---

[1] Russell asserts that he is being detained pursuant to 8 U.S.C. § 1226(c) due to his encounters with the criminal justice system. Respondents represent they are NOT taking the position that Russell's detention is mandated by § 1226(c) (ECF No. 7 at 7 n.3).

Respondents bear the burden of proof. In essence, the only new fact in this second petition is that his detention has continued for approximately 2 more months since he filed the first petition.

In response to Russell's initial petition, Respondents provided additional facts (ECF No. 7-1 to 7-8). They reported that Russell entered the United States in 2016, but overstayed his temporary visa. In 2024, Russell was erroneously approved to purchase a firearm; directed to relinquish the firearm; and failed to respond to that directive. As a result of that interaction, Russell was detained by Respondents pursuant to 8 U.S.C. § 1226(a) on July 31, 2025. On August 27, 2025, an immigration judge conducted an individualized bond hearing and ordered Russell released on a $9,500 bond.

Respondents reported that while on bond, Russell was arrested by the City of Pittsburgh, Pennsylvania police on May 8, 2026, and charged with aggravated assault. On May 21, 2026, Russell's immigration bond was revoked and he was taken into custody. The exhibit provided by Respondents reflects that the aggravated assault charge was withdrawn on June 25, 2026 (ECF No. 7-6 at 2).

On August 3, 2026, Russell had a removal hearing before an immigration judge. He was ordered removed to Jamaica. (ECF No. 7-8). Russell filed an appeal of the decision to the Board of Immigration Appeals, which remains pending.

Discussion

Russell again argues that he is entitled to release or a bond hearing pursuant to *German Santos v. Warden Pike County Corrections Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable). The court discussed the German Santos factors in detail in denying Russell's first petition. The court incorporates that discussion here and will address the impact of the only new circumstance, i.e., the additional passage of time since

Russell's first petition.[2] The court identified the following "*German Santos* factors": (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment).

Respondents point out that Russell already received a fundamentally fair bond hearing in August 2025 -- indeed, he was released on bond -- until that bond was revoked as a result of the aggravated assault charge. Respondents assert Russell is not entitled to habeas relief and his detention since the May 2026 bond revocation is not unreasonably prolonged, citing *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018).[3]

As an initial matter, the court notes that the proper analysis for determining when continued detention after an initial bond hearing might result in a constitutional violation remains

---

[2] The court recognizes Respondents' argument that this second petition constitutes an "abuse of the writ." Because the court will deny the petition on its merits, the court does not reach this argument. The court notes that it denied Russell's first petition "without prejudice to Russell's ability to seek relief at a later time."

[3] This court summarized *Borbot* in *Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023 (W.D. Pa. June 3, 2026):

> In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279. The court explained: "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

*Id.* at *1.

an open issue. *See Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026):

> The Third Circuit has not squarely decided when, if ever, due process requires a new bond hearing for a detainee held under 8 U.S.C. § 1226(a) after an initial bond hearing. *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that [petitioner's] due process rights were not violated."). Put another way, the Third Circuit did not impose an absolute bar to a second bond hearing in every Section 1226(a) case but rather, it left open whether additional process may be required where the facts show that continued detention has become constitutionally unreasonable despite an earlier bond hearing.

*Id.* at *2. In *Fadel*, the court decided to apply the *German Santos* factors.

The court will apply the *German Santos* factors in this case, albeit with two caveats. First, the relief available under *German Santos* is an individualized bond hearing, not release. *German Santos*, 965 F.3d at 210 ("DUE PROCESS AFFORDS ALIENS DETAINED UNDER § 1226(C) A BOND HEARING ONCE DETENTION BECOMES UNREASONABLE"). Russell did not cite any mandatory authority for this court to order Russell's release. The majority of district courts within this circuit limit relief to a bond hearing. *See Diarra v. ICE*, No. 3:26-CV-01885, 2026 WL 2268287, at *3 (M.D. Pa. Aug. 6, 2026) ("Courts in this circuit have found that where a petitioner entitled to receive a bond hearing, receives one, and is adjudicated to be a flight risk or danger, the Court cannot provide further relief absent a challenge to the constitutional adequacy of the bond hearing.") (collecting decisions for the proposition that "[t]he remedy under *German Santos* is not release; it is the court ordering an individualized bond hearing"). In this case, Russell received a fundamentally fair bond hearing in August 2025.

Second, to the extent Russell is arguing that he has a constitutional right to a renewed bond hearing in which the government bears the burden of proof, that argument is contrary to *Borbot*. *See Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17,

2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). *German Santos* (which places the burden on the government) involved detention under § 1226(c), not § 1226(a). *See Borbot*, 906 F.3d at 279 (explaining differences in the statutes).

The court again applies the *German Santos* factors to the record in this case. With respect to the first (and most important) *German Santos* factor, the duration of the detention, Russell has now been detained for approximately 6 months, since May 21, 2026. Russell had a merits hearing in August 2026, after which he was ordered removed to Jamaica. Detentions of much longer duration have been held to not offend the constitution where the removal process is proceeding and the government did not improperly delay it. *See Espinosa-Almonte v. Sabol*, No. 1:12-CV-2514, 2013 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (detention pending removal for 21 months not excessive). Russell received a constitutionally adequate bond hearing in August 2025, at which the immigration judge determined that Russell would be released. Russell remained on bond until the aggravated assault charge in May 2026. The length of his detention since then is approximately 6 months. This factor weighs in favor of Respondents.

The second and third factors are neutral. The second factor, whether the detention is likely to continue, is unknown because neither party (again) provided any information about the status of Russell's appeal of the removal order. In accordance with the third factor, any delay resulting from Russell's good-faith challenge to his removal will not be held against him. Russell (again) did not produce any evidence that Respondents are causing delay.

With respect to the fourth factor, Russell is being detained at Moshannon Valley Detention Center ("Moshannon"). There are certainly aspects of the conditions at Moshannon

that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Russell's conditions of confinement that are meaningfully different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Russell is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Russell's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Upon weighing the *German Santos* factors, the court again concludes that on this record, Russell failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, Russell received an individualized bond hearing in August 2025, after which he was released until charged with aggravated assault in May 2026. His appeal of the removal order in August 2026 remains pending. The relief available under *German Santos* would be another bond hearing. The petition will be denied without prejudice to Russell's ability to seek relief at a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

<u>Conclusion</u>

For the reasons set forth above, the petition for habeas relief filed by Russell (ECF No. 3) will be denied.

An appropriate order follows.

Dated: November 24, 2026

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge